MILLICENT H. FENWICK, DIRECTOR OF THE NEW JER-
 SEY DIVISION OF CONSUMER AFFAIRS, PLAINTIFF-
 APPELLANT, v. KAY AMERICAN JEEP, INC., RESPON-
 DENT, AND JOSEPH FRIEDMAN, T/A FRIEDMAN AS-
 SOCIATES, DEFENDANT-RESPONDENT.

MILLICENT H. FENWICK, DIRECTOR OF THE NEW JER-
 SEY DIVISION OF CONSUMER AFFAIRS, PLAINTIFF-
 APPELLANT, v. ARREL DATSUN, RESPONDENT, AND
 JOSEPH FRIEDMAN, T/A FRIEDMAN ASSOCIATES, DE-
 FENDANT-RESPONDENT.

Argued October 26, 1976—Decided February 28, 1977.

Mr. *Douglas J. Harper,* Deputy Attorney General, argued the cause for appellant Director of the New Jersey Division of Consumer Affairs (Mr. *Stephen Skillman,* Assistant Attorney General, of counsel; Mr. *Harper* on the briefs; Mr. *William F. Hyland,* Attorney General of New Jersey, attorney).

Mr. *Donald T. Okner* argued the cause for respondent Joseph Friedman, t/a Friedman Associates (Mr. *John H.*

*Ratliff,* on the brief; *Mr. Okner,* of counsel, *Messrs. Margolis & Bergstein,* attorneys).

The opinion of the court was delivered by

SULLIVAN, J. The appeals herein, filed as of right by virtue of a dissent in the Appellate Division, were consolidated by order of this Court because they present a common issue and have the same party appellant in each case. Involved are alleged violations of the Consumer Fraud Act, *N. J. S. A.* 56:8-1 *et seq.* and, in particular, implementing regulations adopted by the Attorney General.

The facts are undisputed. In February, 1974, complaints were filed by the Director of the New Jersey Division of Consumer Affairs charging two automobile dealers Kay American Jeep, Inc. and Arrel Datsun, with having violated an administrative regulation of the Division (*N. J. A. C.* 13:45A-2.2, (a), 2, ii, (4)). The regulation makes it an unlawful motor vehicle advertising practice to fail to disclose the bona fide odometer reading (mileage) in an advertisement for the sale of a used automobile.

Joseph Friedman, t/a Friedman Associates, is an advertising agency which prepared the advertisements in question for both dealers and had them placed in a newspaper. One of the Kay American Jeep ads and two of the Arrel Datsun ads placed by Friedman omitted the odometer reading for the used vehicles being advertised for sale. Friedman was named as a respondent in the Arrel complaint and consented to be joined as a respondent in the Kay American complaint.

At the administrative hearings before a hearing officer of the Division of Consumer Affairs, Friedman admitted that the odometer readings for the vehicles in question had been given to his office by the dealers, but explained that the failure to include the mileage in the ads was due to "human error," being the result of inadvertence or mistake on the part of a member of his staff. Since the omissions were unintentional it was claimed that violations of the Act and

regulations had not been shown. However, Friedman admitted knowledge of the regulation and testified that his staff had been told of its requirements. He also admitted that, in the past, he had received several warnings from the Division that ads placed by his agency were in violation of Consumer Affairs' advertising regulations.

The hearing officer in each case found the dealer and Friedman guilty. He held that the Act and implementing regulation imposed strict liability for such a violation and that it was not necessary that intent to commit the violation be shown. Fines of $150 and costs of $50 were assessed jointly and severally in each case, and the respondents were directed to cease and desist from future violations.

Kay American and Arrel Datsun did not appeal the administrative decisions. However, Friedman filed notices of appeal with the Appellate Division which by majority vote in each case reversed the Division's rulings, holding that intent was an essential element of the alleged violations and that the nondisclosure of a material fact unknowingly and by reason of inadvertence does not constitute an unlawful practice under the Act. The Appellate Division opinion in *Kay* is reported at 136 *N. J. Super.* 114 (1975). Its opinion in *Arrel,* which relies exclusively on *Kay,* is unreported.

Judge Kolovsky dissented in each case on the ground that intent was not an element of the violations charged and that the Act and implementing regulations imposed strict liability for such violations regardless of intent. Because of the dissent, the Director of the Division of Consumer Affairs has appealed as of right. *R.* 2:2–1(a)(2). We think the dissent is correct. The Consumer Fraud Act, *N. J. S. A.* 56:8–1 *et seq.,* was passed in response to widespread complaints about selling practices which victimized consumers. *Riley v. New Rapids Carpet Center,* 61 *N. J.* 218, 224–225 (1972). The purpose of the Act was to prevent deception, fraud or falsity, whether by acts of commission or omission, in connection with the sale and

advertisement of merchandise and real estate. To accomplish the objectives of the Act, the Attorney General is empowered to promulgate such rules and regulations as might be necessary. *N. J. S. A.* 56:8–4.

The administrative regulations adopted pursuant to the Act spell out numerous selling or advertising practices in particular areas of consumer sales that are either required or prohibited. *N. J. A. C.* 13:45A–2.1 *et seq.* With regard to motor vehicle advertising practices, one of the proscribed practices is the failure in a price advertisement of a used motor vehicle to disclose the bona fide odometer reading thereof. *N. J. A. C.* 13:45A–2.2(a), 2, ii, (4). As noted, it is this regulation which Friedman was found guilty of having violated.

That the mileage of a used car is critical to its sales value is clear. In this State it is unlawful to misrepresent the mileage of a used car by changing the odometer so as to show lesser mileage. *N. J. S. A.* 2A:170–50.1. Regulations of the Division of Motor Vehicles require a seller of a used motor vehicle to indicate in writing at the time of sale the mileage of the vehicle and certify the truth thereof. *N. J. A. C.* 13:21–5.8 and 5.9.

Section 2 of the Consumer Fraud Act, *N. J. S. A.* 56:8–2 declares that:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise * * * is declared to be an unlawful practice; * * *

Significantly, the requirement that knowledge and intent be shown is limited to the concealment, suppression or omission of any material fact. Respondent argues that his failure to include the mileage in each sales ad was at most the omission of a material fact and would not be an unlawful practice unless knowledge and intent were shown.

■ However, this argument overlooks the power of the Attorney General to adopt rules to further the purpose of the act to prevent fraud and other deceptive practices. When a used car is advertised for sale without indicating its mileage there is a substantial possibility that a prospective purchaser would be misled by assuming the vehicle has been driven an average number of miles for its model year whereas in fact the car may have been driven a far greater number of miles. The regulation here adopted by the Attorney General has the effect of preventing the possibility of such deception if strictly enforced without regard to the intent of the advertiser. It therefore is within the broad rule-making power conferred by the statute on the Attorney General.

■ ■ Moreover, we are satisfied that failure to disclose the mileage in the present cases was more than the mere omission of a material fact. As noted above, such disclosure was specifically required by the administrative regulation as a preventive measure against deception or an unconscionable commercial practice. The capacity to mislead is the prime ingredient of deception or an unconscionable commercial practice. Intent is not an essential element. Since consumer protection is the ultimate goal, the standards of conduct established by the Act and implementing regulations must be met regardless of intent except when the Act specifically provides otherwise. We therefore hold that the charges herein, in order to be sustained did not require a showing of intent.

■ Friedman also seeks to present the question whether he is an advertiser within the meaning of that term as defined in the regulations.[1] However, at the hearings before

---

[1] *N. J. A. C.* 13:45A–2.1 Definitions

"Advertiser" means any person * * * who in the ordinary course of business is engaged in the sale or financing of motor vehicles or who in the course of any 12 month period offers more than three motor vehicles for sale, lease or rental, or who is engaged in the brokerage of motor vehicles whether for sale, lease or rental, and who directly or indirectly initiates, requests or causes an advertisement to be made for motor vehicles; * * *.

the Division no contention was made that he was not subject to the regulations and such jurisdiction seems to have been conceded. In any event, revisions to *N. J. A. C.* 13: 45A–2.1 *et seq.* were adopted on November 17, 1976 which, *inter alia,* "clarify" the applicability of the existing regulations to advertising agencies which prepare or place advertisements for motor vehicle sellers by making such agencies expressly subject to the regulations. See, 8 New Jersey Register, 563, 574 (December 9, 1976).

 ██ The contention that the Act and regulations arbitrarily discriminate against advertising agencies and dealers and in favor of newspapers in violation of the Equal Protection Clause of the Fourteenth Amendment lacks substance.[2] The further contention that if intent is not an element of the violation charged, then Friedman stood convicted even before a hearing in violation of the Due Process Clause of the Fifth Amendment, is legally frivolous.

The judgments of the Appellate Division are reversed and the Final Orders of the Division of Consumer Affairs reinstated.

*For reversal*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.

---

[2]The Consumer Fraud Act in *N. J. S. A.* 56:8-2 and the Regulations in *N. J. A. C.* 13:45A–2.1 each contains the provision: "provided, however, that nothing herein contained shall apply to the owner or publisher of newspapers, * * * wherein such advertisement appears, * * * when the owner, publisher, * * * has no knowledge of the intent, design or purpose of the advertiser."