165 N.J. Super. 516 (1979)
398 A.2d 900
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HUDSON FURNITURE CO., DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued January 17, 1979.
Decided January 29, 1979.
*518 Before Judges ARD and ANTELL.
Mr. Nelson Wolf argued the cause for the appellant (Wolf and Wolf, attorneys).
Mr. Douglas J. Harper, Deputy Attorney General, argued the cause for the respondent (Mr. John J. Degnan, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel).
PER CURIAM.
Defendant appeals from a County Court judgment fining it $250 for violating N.J.A.C. 13:45A-5.1 by failing to deliver furniture by the promised delivery date, and by not notifying the customer of his options upon nondelivery. The trial judge also ordered defendant to return the customer's deposit of $98.10.
The pertinent facts were largely undisputed. Martin Brodbar ordered six chairs and one dining room table from defendant in August 1976. Brodbar intended, and defendant's salesman was aware, that the pieces were to be used together as a dining room set, even though the chairs and the table were made by two different manufacturers. On the contract of sale the salesman wrote the estimated delivery dates: 6-8 weeks for the chairs, 12-16 weeks for the table. Prices for each item were not listed separately on the contract. Rather, a total price was indicated.
The chairs arrived within the time promised, but Brodbar declined to accept delivery stating (as he had when he placed the order) that he wanted the chairs and table delivered at the same time. The table did not arrive by the promised date. When it had not arrived by March 1977, Brodbar canceled the entire order in writing.
*519 On appeal de novo on the municipal court record, defendant was found to have violated N.J.A.C. 13:45A-5.1, a regulation purporting to define one form of practice proscribed by the Consumer Fraud Act, N.J.S.A. 56:8-1 et seq. That regulation provides:
(a) It shall be a deceptive practice in connection with the sale of household furniture, for which contracts of sale or sales orders are used for merchandise ordered for future delivery, to consumers resident in New Jersey and by persons engaged in business in New Jersey, unless, when the promised delivery date has been reached, the person (including any business entity) who is the seller either:
1. Delivers the promised merchandise; or
2. Notifies the consumer of the impossibility of meeting the promised delivery date by written notice, mailed on or prior to the delivery date, offering the consumer the option to cancel with a prompt, full refund of any payments already received; or
3. Notifies the consumer of the impossibility of meeting the promised delivery date by written notice, mailed on or prior to the delivery date, offering the consumer the option of accepting delivery at a specified later time.
(b) For purposes of this rule, "household furniture" includes but is not limited to furniture, major electrical or gas appliances, and such items as carpets and draperies.
It was undisputed that defendant failed to provide Brodbar with the required notice of options when the table did not arrive on time.
Defendant attacks the regulation on constitutional grounds, first claiming that, to the extent it punishes a dealer for delays beyond its control, it represents an arbitrary and unreasonable exercise of the State's police power.
Our examination of the statutory basis for the regulation, as interpreted by the courts, persuades us that a merchant's subjective good faith will not excuse technical noncompliance with N.J.A.C. 13:45A-5.1 and that such a regulation in no way violates the defendant's constitutional rights.
In an analogous case, Fenwick v. Kay American Jeep, Inc., 72 N.J. 372 (1977), relied upon by the trial judge the court ruled that an advertising agency's inadvertent *520 omission of used car mileage in newspaper ads constituted a violation of the regulation requiring such disclosures. The court was influenced by the wording of N.J.S.A. 56:8-2, which requires knowledge and intent only in the context of concealment, suppression or omission of material fact, whereas no such conditions are placed upon the other enumerated illegal acts. 72 N.J. at 377. Hence the Court concluded that intent is not an element of proof of deception under N.J.S.A. 56:8-2; rather, the "capacity to mislead is the prime ingredient * * *." Id. at 378. The court reasoned:
* * * Since consumer protection is the ultimate goal, the standards of conduct established by the Act and implementing regulations must be met regardless of intent except when the Act specifically provides otherwise. * * * [Ibid.]
Further, it has been held that N.J.S.A. 56:8-2 aims at commercial deception, whether or not the deceptive practice succeeded in harming the consumer. Hyland v. Zuback, 146 N.J. Super. 407, 415 (App. Div. 1976). Indeed, the statutory language itself so provides. Finally, the examples of outlawed acts in N.J.S.A. 56:8-2 are disjunctive, i.e., a violation is complete if an unconscionable practice is proved; a deceptive or fraudulent act need not also be shown. Hyland v. Aquarian Age 2,000, Inc., 148 N.J. Super. 186, 191 (Ch. Div. 1977).
Our holding is consistent with the perceived need to liberally construe the act in favor of protecting consumers, Kugler v. Banner Pontiac-Buick, Opel, Inc., 120 N.J. Super. 572, 577-578 (Ch. Div. 1972), and to confer upon the Attorney General "the broadest kind of power to act in the interest of the consumer public * * *." Kugler v. Romain, 58 N.J. 522, 537 (1971). In sum, we conclude that N.J.A.C. 13:45A-5.1 is not an invalid exercise of police power.
Defendant's second constitutional claim is that N.J.A.C. 13:45A-5.1(b) is so vague as to constitute a violation *521 of due process. To the contrary, we conclude that "household furniture" has a commonly understood meaning at which no furniture dealer would unreasonably have to guess. See Kugler v. Market Dev. Corp., 124 N.J. Super. 314, 320-321 (Ch. Div. 1973). We reject defendant's urging that we consider the possibility of some hypothetical set of facts under which the regulation might be of doubtful applicability. See Pet Dealers Ass'n v. Div. of Consumer Affairs, 149 N.J. Super. 235, 239-240 (App. Div. 1977), certif. den. 75 N.J. 16 (1977).
In addition to its constitutional arguments, defendant also contends that the evidence did not support a violation, at least as to the chairs, because it tendered the chairs within the time promised. Under the circumstances revealed at trial, however, we find the judge's treatment of the items as being inseparable to be amply supported by the evidence. Both parties knew that a single set was contemplated, with delivery to be made at one time. Receipt of the chairs without the table was not what Brodbar bargained for, and another table was not easily substitutable.
In conclusion, our review of the record convinces us that there is sufficient credible evidence present in the record to uphold the findings of the court below. State v. Johnson, 42 N.J. 146, 162 (1964).
Affirmed.