Steve MORRIS, Appellant,

v.

PERKINS CHEVROLET, INC., Respondent.

No. WD 34494.

Missouri Court of Appeals, Western District.

Jan. 3, 1984.

Steven J. Bratten, Jefferson City, for appellant.

John R. Lewis and Mark D. Wheatley, Springfield, for respondent.

Before MANFORD, P.J., and CLARK and KENNEDY, JJ.

KENNEDY, Judge.

Appellant, Steve Morris, filed suit against Perkins Chevrolet for damages arising out of an alleged breach of contract involving the purchase of a 1978 Pace Car Chevrolet Corvette. The court at the conclusion of plaintiff's evidence directed a verdict for the respondent car dealer. (The case was tried to the court, so the terminology used by the parties is incorrect. The court entered judgment for defendant at the close of plaintiff's case for failure to make a submissible case. See *Hilman v. Hedgpeth*, 600 S.W.2d 625, 628 (Mo.App.1980); *Lee v. Smith*, 484 S.W.2d 38, 42 (Mo.App.1972)).

The judgment is reversed and the case remanded for new trial.

In March of 1978, Morris visited Perkins Chevrolet of Iberia, Missouri, to locate and purchase a certain type of 1978 Chevrolet Corvette automobile known as the "Indy 500 Pace Car." Robert Perkins, the manager, told Morris that he would be receiving such a car. After some negotiation, Perkins told Morris the price of the car would be $250 over the manufacturer's suggested retail price. Perkins then presented Morris with his business card on which he had written the words, "$250 over sticker". Perkins said that Morris could pick the car up after Memorial Day. Morris, either the same day or later in the week, delivered a $100 check to Perkins as a deposit on the car. On March 9, 1978, Morris obtained a receipt for his deposit on the 1978 Corvette.

Around April 10, 1978, Morris received a phone call from Perkins canceling the car deal. This was followed by a letter containing a check from Perkins Chevrolet's account returning the $100 deposit to Morris on April 17, 1978.

Morris filed a petition for specific performance or damages, electing at trial to proceed on the claim for damages.

Morris argues on appeal that the trial court erred in sustaining respondent's motion for a directed verdict as there was sufficient evidence presented to the court to make a submissible case for damages for

Perkins' breach of contract in refusing to deliver the contract as agreed.

The parties agree that the measure of damages is the difference between the contract price of the car and the market price at the time of breach—the "benefit of the bargain" rule. *Semo Grain Co. v. Oliver Farms, Inc.*, 530 S.W.2d 256 (Mo.App.1975).

■ The standard of review in a case where the judge has granted judgment for defendant at close of plaintiff's case, as here, provides the plaintiff with all favorable inferences, rejects all unfavorable inferences, and disregards defendant's evidence unless it aids plaintiff's case. *Barnett v. M. & G. Gas Co.*, 611 S.W.2d 370, 371 (Mo.App.1981). The plaintiff has the duty to provide the court with substantial evidence of probative value or inferences reasonably drawn from the evidence. *Beshore v. Gretzinger*, 641 S.W.2d 858–862 (Mo.App. 1982); *Zeigenbein v. Thornberry*, 401 S.W.2d 389, 393 (Mo.1966).

### Statute of Frauds.

Respondent claims the plaintiff's evidence is fatally deficient in that the alleged contract does not comply with the Statute of Frauds. § 400.2–201, RSMo 1978.

■ This point is ruled by a case very similar in its facts to the present one, *Sedmak v. Charlie's Chevrolet*, 622 S.W.2d 694 (Mo.App.1981). It was there held that, where there is no dispute as to quantity, a partial payment for a single indivisible commercial unit validates an oral contract under § 400.2–201(3)(c), RSMo 1978. In the case before us, Morris's $100 down payment on the Corvette took the contract out of the Statute of Frauds.

### Sufficiency of evidence of damages; certainty of amount.

■ Respondent next argues that the uncertainty as to the exact price of the Corvette prevents a contract from coming into existence, citing § 400.2–305, RSMo 1978. This argument was made by defendant seller in *Sedmak* and was rejected in the following language:

Without again detailing the facts, there was evidence to support the trial court's conclusion that the parties agreed the selling price would be the price suggested by the manufacturer. Whether this price accurately reflects the market demands on any given day is immaterial. The manufacturer's suggested retail price is ascertainable and thus, if the parties choose, sufficiently definite to meet the price requirements of an enforceable contract. Failure to specify the selling price in dollars and cents did not render the contract void or voidable. See, e.g., *Klaber v. Lahar*, 63 S.W.2d 103, 106, 107 (Mo.1933); see also § 400.2 305 RSMo 1978. As long as the parties agreed to a method by which the price was to be determined and as long as the price could be ascertained at the time of performance, the price requirement for a valid and enforceable contract was satisfied. See *Burger v. City of Springfield*, 323 S.W.2d 777, 783–84 (Mo.1959); see also, *Allied Disposal, Inc. v. Bob's Home Service, Inc.*, 595 S.W.2d 417, 419–20 (Mo. App.1980) and § 400.2 305 RSMo 1978. This point is without merit.

■ Finally Perkins argues that the damages are unascertainable because the price and the value were not precisely fixed by plaintiff's evidence. Plaintiff testified that Perkins told him the price would be "approximately $14,000". Plaintiff's expert witness to value, Mr. Ragsdale, said the sticker price of the car would have been from $13,700 to $14,400. Mr. Ragsdale further testified that the actual market value of the car would have been from $21,000 to $22,000 at the time it was to have been delivered.

Although the amount of damages is not specifically pinpointed by Morris, the evidence presented at trial was sufficient for the trier of fact to find the amount of damages. This court stated in *Truck Insurance Exchange v. Bill Rodekoph Motors, Inc.*, 623 S.W.2d 612 (Mo.App.1981):

Missouri courts do not demand that in a contract action damages be proved by exact certainty in order to prevent one breaching a contract to escape liability.

All that can be expected in any case is that the relevant facts tending to show the extent of damages be placed before the jury to enable it to make an intelligent estimate of the same as circumstances of the case will admit. *Wright v. Ickenroth,* 215 S.W.2d 43, 45 (Mo.App. 1948); Accord, *Hargis v. Sample,* 306 S.W.2d 564, 569 (Mo.1957); *Haggard v. Mid-States Metal Lines, Inc.,* 591 S.W.2d 71, 77 (Mo.App.1979).

The judgment is reversed and the cause remanded for a new trial.

All concur.