KENNETH P. DINICOLA, PLAINTIFF–APPELLANT, CROSS–RE-
SPONDENT, v. WATCHUNG FURNITURE'S COUNTRY
MANOR, DEFENDANT–RESPONDENT, CROSS–APPELLANT.

and

TEMPLE STUART, DEFENDANT.

Superior Court of New Jersey
Appellate Division

Argued March 20, 1989—Decided April 5, 1989.

Before Judges J.H. COLEMAN and BAIME.

*Allan Marain* argued the cause for appellant, cross-respondent.

*James A. Mella* argued the cause for respondent, cross-appellant (*Weiseman, Mella & Ruotolo,* attorneys; *Seamus Boyle* on the brief).

The opinion of the court was delivered by

COLEMAN, J.H., P.J.A.D.

This appeal arises from claims for breach of warranties and Consumer Fraud Act violations related to the purchase of household furniture. At the conclusion of a jury trial, plaintiff was awarded $600 in compensatory damages for breach of warranties. The damages were tripled because of an alleged violation of a regulation promulgated pursuant to *N.J.S.A.* 56:8–4. Counsel fees of $1,875 were allowed plaintiff's attorney pursuant to *N.J.S.A.* 56:8–19. Plaintiff has appealed contending the award of counsel fees was inadequate. Defendant has cross-appealed contending the Consumer Fraud Act does not apply to this case. We agree with defendant cross-appellant and reverse.

The facts essential to our decision are not in dispute. On September 17, 1984, plaintiff contracted to purchase a credenza, china deck, two captain's chairs and four mate's chairs from defendant Watchung Furniture's Country Manor (Watchung) for the sum of $2,571.56. Plaintiff made a down payment of $600. As promised, Watchung tendered delivery of the furniture on October 10, 1984. Plaintiff rejected delivery because the furniture was defective. Watchung refused to refund plaintiff's deposit.

Left with no other alternative, plaintiff filed a complaint against Watchung on October 18, 1985. Under the first count, plaintiff sought a return of the $600 deposit because the items of furniture "were in non-conformity with express warranties made by Watchung...." In the second count, plaintiff alleged Watchung's "tender of merchandise in non-conformity with the express warranties made by Watchung constitutes a failure to deliver promised merchandise within the meaning of *N.J.A.C.* 13:45A–5.1(a)." Plaintiff sought treble damages and counsel fees under the second count.

The case was submitted to a jury on special interrogatories. The jury was asked:

1. Do you find from the facts that the plaintiff, Kenneth P. Dinocola[,] had reasonable basis to reject delivery of the furniture on October 10, 1984? YES _X_ NO ___
   If "YES" go on to Question No. 2.
   If "NO" *STOP* and return your verdict.
2. Do you find from the facts that the furniture delivered was so defective it did not not substantially conform to the contract made between the parties? YES _X_ NO ___

Based on the jury's answers, the judge concluded that *N.J.A.C.* 13:45A–5.1(a) was violated.

That regulation provides:

It shall be a deceptive practice in connection with the sale of household furniture, for which contracts of sale or sales orders are used for merchandise ordered for future delivery, to consumers resident in New Jersey and by persons engaged in business in New Jersey, unless, when the promised delivery date has been reached, the person (including any business entity) who is the seller either:

1. Delivers the promised merchandise; or

2. Notifies the customer of the impossibility of meeting the promised delivery date by written notice, mailed on or prior to the delivery date, offering the consumer the option to cancel with a prompt, full refund of any payments already received; or

3. Notifies the consumer of the impossibility of meeting the promised delivery date by written notice, mailed on or prior to the delivery date, offering the consumer the option of accepting delivery at a specified later time.

Under the evidence presented, it is clear that Watchung tendered delivery of the furniture ordered on the date specified in the contract. It is also clear that Watchung did not attempt to conceal the defects found in the furniture. It simply delivered furniture that was defective and therefore not in conformity with its warranties. We conclude that a claim arises under *N.J.A.C.* 13:45A–5.1(a) only when there is an *untimely* delivery of household furniture. The regulation is not applicable in a simple breach of warranty case. Plaintiff relies upon *State v. Hudson Furniture Co.*, 165 *N.J.Super.* 516, 519 (App.Div.1979), which is to be distinguished from this case. There, the furniture company's delivery was untimely and the consumer was not provided with notice and informed of his options, as required by the regulation when delivery will not be timely.

The Consumer Fraud Act is not violated absent any "unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression or omission of any material fact...." *N.J.S.A.* 56:8–2; *Kugler v. Romain*, 58 *N.J.* 522, 535, 541–548 (1971). The words "promised merchandise" used in *N.J.A.C.* 13:45A–5.1(a) refer to the quantity and description of merchandise ordered and not its quality. Otherwise, any breach of warranty or any breach of contract concerning the quality of household furniture would expose the breaching party to treble damages even where substantial aggravating factors are absent. We do not perceive the Legislature intended such a far-reaching result.

We are persuaded that a breach of warranty in a sales transaction not involving an unconscionable commercial practice

is not a violation of the Act. *D'Ercole Sales, Inc. v. Fruehauf Corp.*, 206 *N.J.Super.* 11, 25–31 (App.Div.1985). *N.J.A.C.* 13:45A–5.1(a) contemplates an unconscionable commercial practice in the form of untimely delivery of ordered household furniture where the customer has not consented. Although Watchung breached its warranties when it delivered defective furniture and then denied that the furniture was defective, its conduct does not equate with any unconscionable commercial practice absent other aggravating factors not present in this case. *See generally Meshinsky v. Nichols Yacht Sales, Inc.*, 110 *N.J.* 464, 472–474 (1988). We therefore reverse that portion of the judgment which granted treble damages and counsel fees pursuant to *N.J.S.A.* 56:8–19.

We are aware that this is a case in which there may be some conflict between the attorney's desire to obtain a higher counsel fee award and the client's wish to retain his judgment for treble damages. *See Coleman v. Fiore Bros., Inc.*, 113 *N.J.* 594, 601–03 (1989). With this possible conflict in mind, we asked counsel for plaintiff at the beginning of oral argument whether he has made his client aware that an appeal for higher fees places at risk the treble damages judgment. He assured us he has informed his client and that his client has consented to the appeal even in the face of the cross-appeal. Finally, we note that counsel for plaintiff has not sought counsel fees pursuant to the Magnunson–Moss Warranty Act, 15 U.S.C. § 2310(d)(1). We express no opinion regarding the possible success of such a claim if made.

So much of the final judgment which allowed treble damages and counsel fees is reversed. The matter is remanded to the Law Division for the entry of an amended judgment consistent with this opinion.

Reversed in part and remanded.