**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2647-23

YVETTE MCQUEEN, on
behalf of herself and those
similarly situated,

    Plaintiff-Appellant,

v.

RAZOR CAPITAL, LLC,

    Defendant-Respondent.

_____

> Argued March 18, 2025 – Decided May 6, 2025
>
> Before Judges Firko and Augostini.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-3630-21.
>
> Yongmoon Kim argued the cause for appellant (Kim Law Firm, LLC, attorneys; Mark Jensen and Yongmoon Kim, on the briefs).
>
> Mitchell L. Williamson argued the cause for respondent (Barron & Newburger, PC, attorneys; Mitchell L. Williamson, on the brief).

PER CURIAM

In this debt collection action, plaintiff Yvette McQueen appeals from a March 21, 2024 order dismissing her complaint with prejudice for failing to state a claim. We affirm.

I.

We discern the salient facts from the motion record before the Law Division. Defendant Razor Capital, LLC, a purchaser of defaulted credit accounts, filed a collections action in 2015 against plaintiff to collect on an unpaid Credit One account. On December 11, 2015, default was entered against plaintiff. Six years later, however, she filed a motion to vacate default judgment, which the court granted on September 29, 2021.

Shortly before, on September 15, 2021, plaintiff filed the present class action complaint seeking declaratory and injunctive relief. Specifically, plaintiff sought a declaratory judgment against defendant claiming defendant violated the Consumer Finance Licensing Act (CFLA), N.J.S.A. 17:11C-1 to -89, by acquiring and collecting debts when it did not hold a New Jersey license to do so, and because defendant was not licensed to collect on debts, plaintiff claimed defendant violated the Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -229. Plaintiff also sought permanent injunctive relief against defendant barring it from any further attempts to collect on any such accounts.

2

On December 26, 2023, after defendant filed an answer and discovery ensued, defendant filed a motion to dismiss pursuant to Rule 4:6-2(e) for failing to state a claim.  On March 21, 2024, the court granted defendant's motion to dismiss, "for the various reasons expressed" in other cases presenting the same allegations as in plaintiff's complaint.  This appeal followed.

## II.

An appellate court's review of a trial court's grant of a "Rule 4:6-2(e) motion[] to dismiss for failure to state a claim" is de novo.  Baskin v. P.C. Richard & Son, LLC, 246 N.J. 157, 171 (2021) (citing Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, P.C., 237 N.J. 91, 108 (2019)).  In considering a Rule 4:6-2(e) motion, "[a] reviewing court must examine 'the legal sufficiency of the facts alleged on the face of the complaint,' giving the plaintiff the benefit of 'every reasonable inference of fact.'"  Ibid. (quoting Dimitrakopoulos, 237 N.J. at 107).  The test for determining the adequacy of a pleading is "whether a cause of action is 'suggested' by the facts." Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988)).  We owe no deference to a trial court's legal analysis or statutory interpretation.  RSI

Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018); Perez v. Zagami, LLC, 218 N.J. 202, 209 (2014).

Plaintiff presents two arguments for our consideration, alleging the trial court erred by: (1) failing to find that defendant's material misrepresentations and unfair and abusive enforcement of a void debt did not give rise to a violation of the CFA; and (2) holding that plaintiff lacks standing to assert claims for declaratory and injunctive relief.

### A. A Private Right of Action Under the CFLA and Standing under the Uniform Declaratory Judgment Act (UDJA), N.J.S.A. 2A:16-50 to -62.

We begin our analysis with plaintiff's assertion that the trial court erred in concluding there is no private right of action under the CFLA and plaintiff lacked standing to sue. In count one of plaintiff's complaint, plaintiff sought a declaratory judgment, claiming defendant did not have the legal authority to collect on plaintiff's unpaid Credit One account because it was not licensed under the CFLA and, therefore, the account was void.

However, the CFLA does not provide a private right of action. The CFLA establishes that a "consumer lender" who violates the licensing provision of the CFLA would be "guilty of a crime of the fourth degree." N.J.S.A. 17:11C-33. Plaintiff acknowledges that N.J.S.A. 17:11C-33 authorizes the Commissioner of

A-2647-23

Banking and Insurance to prosecute those who may violate a provision of the CFLA by, for example, refusing to issue a license or imposing penalties in accordance with the CFLA, N.J.S.A. 17:11C-18. There is no express language in the CFLA granting a private citizen a right of action under the CFLA.

Instead, plaintiff argues that while the Legislature did not expressly provide a private right of action under the CFLA, there is nothing in N.J.S.A. 17:11C-18, precluding a private right of action. In other words, plaintiff contends that nothing in the CFLA suggests that the Legislature intended to bar private citizens from availing themselves of the CFLA's remedies. Plaintiff urges us to hold that the trial court erred by not finding an implied private right of action and argues that courts at various levels and in various cases have been misinterpreting the CFLA since 2014.

"New Jersey courts have been reluctant to infer a statutory private right of action where the Legislature has not expressly provided for such action." R.J. Gaydos Ins. Agency, Inc. v. Nat'l Consumer Ins. Co., 168 N.J. 255, 271 (2001).

> To determine if a statute confers an implied private right of action, courts consider whether: (1) plaintiff is a member of the class for whose special benefit the statute was enacted; (2) there is any evidence that the Legislature intended to create a private right of action under the statute; and (3) it is consistent with the underlying purposes of the legislative scheme to infer the existence of such a remedy.

A-2647-23

[Id. at 272.]

"Although courts give varying weight to each one of those factors, 'the primary goal has almost invariably been a search for the underlying legislative intent.'" Id. at 272–73 (quoting Jalowiecki v. Leuc, 182 N.J. Super. 22, 30 (App. Div. 1981)).

In distinguishing New Jersey's CFLA from the Maryland Consumer Debt Collection Act (MCDCA), we noted that "[t]he MCDCA [] contains a private right of action, while New Jersey's CFLA does not." Francavilla v. Absolute Resols. VI, LLC, 478 N.J. Super. 171, 180 (App. Div. 2024), certif. denied, 259 N.J. 319 (2024). Under the CFLA, only the Commissioner of Banking and Insurance has the authority to pursue enforcement of the CFLA's provisions. Moreover, nothing in the legislative history of the current CFLA supports plaintiff's argument that the Legislature intended to confer a private right of action. We discern no basis to conclude otherwise and find an implied private right of action.

Plaintiff relies on the Uniform Declaratory Judgment Act (UDJA), N.J.S.A. 2A:16-50 to -62, to circumvent the lack of a private right of action and establish standing for the declaratory and injunctive relief plaintiff seeks. This reliance is misplaced.

6

Standing to sue "requires a sufficient stake and real adverseness with respect to the subject matter of the litigation." N.J. State Chamber of Com. v. N.J. Election L. Enf't Comm'n, 82 N.J. 57, 67 (1980) (citing Crescent Park Tenants Ass'n v. Realty Equities Corp., 58 N.J. 98, 107 (1971)). It "involves a threshold determination which governs the ability of a party to initiate and maintain an action before the court." Triffin v. Somerset Valley Bank, 343 N.J. Super. 73, 80 (App. Div. 2001) (citing In re Adoption of Baby T., 160 N.J. 332, 340 (1999)); see R. 4:26-1.

The UDJA provides:

> A person interested under a deed, will, written contract or other writing constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.
>
> [N.J.S.A. 2A:16-53.]

The plain language of the statute demonstrates that the UDJA provides a mechanism to pursue certain causes of action; it does not create any substantive rights. See In re Resol. of State Comm'n of Investigation, 108 N.J. 35, 41-42 (1987) (affirming the denial of declaratory judgment where, absent a private right of action, the court would be unable to grant affirmative relief); In re A.N.,

430 N.J. Super. 235, 245-46 (App. Div. 2013) (holding that the Chancery Division did not have jurisdiction under N.J.S.A. 2A:16-55 to determine Medicaid eligibility, a decision vested in the Division of Medical Assistance and Health Services); Excel Pharmacy Servs., LLC v. Liberty Mut. Ins. Co., 825 F. App'x 65, 70 (3d Cir. 2020) ("But it is well settled that parties cannot bring a declaratory judgment action under a statute when there is no private right of action under that statute."). Thus, the UDJA does not provide plaintiff with a vehicle to establish standing and pursue any alleged violations of the CFLA, absent a private right of action.

B. Violations of the Consumer Fraud Act (CFA).

Plaintiff contends that defendant's alleged violations of the CFLA constituted unconscionable commercial practices, and as a result, violated the CFA, causing plaintiff to suffer an ascertainable loss. According to plaintiff, defendant's unconscionable practices consisted of its purchase of plaintiff's unpaid account despite being unlicensed and prohibited from doing so, and its misrepresentations to plaintiff regarding the validity of the debt and defendant's authority to collect the debt as well as any accruing interest. Plaintiff also argues defendant's debt collection activity was a "subsequent performance of the sale

of merchandise" which falls within the "ambit of the CFA." These arguments are without merit.

The purpose of the CFA is "to prevent deception, fraud, or falsity, whether by acts of commission or omission, in connection with the sale or advertisement of merchandise and real estate." Shaw v. Shand, 460 N.J. Super. 592, 607 (App. Div. 2019) (quoting Fenwick v. Kay Am. Jeep, Inc., 72 N.J. 372, 376-77 (1977)); see also Daaleman v. Elizabethtown Gas Co., 77 N.J. 267, 271 (1978) (finding "the legislative concern" addressed by the CFA "was over sharp practices and dealings in the marketing of merchandise and real estate whereby the consumer could be victimized by being lured into a purchase through fraudulent, deceptive or other similar kind of selling or advertising practices"). Under the CFA, the Legislature made unlawful:

> The act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged[.]
>
> [N.J.S.A. 56:8-2.]

Under the CFA, "merchandise" is defined as "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale" and "sale" as "any sale, rental or distribution, offer for sale, rental or distribution or attempt directly or indirectly to sell, rent or distribute." N.J.S.A. 56:8-1(c), (e). Our Supreme Court has held the CFA also applies to "the provision of credit." Lemelledo v. Beneficial Mgmt. Corp. of Am., 150 N.J. 255, 265 (1997).

To succeed on a CFA claim, a plaintiff must prove three elements: "(1) unlawful conduct by defendant; (2) an ascertainable loss by plaintiff; and (3) a causal relationship between the unlawful conduct and the ascertainable loss." D'Agostino v. Maldonado, 216 N.J. 168, 184 (2013); Bosland v. Warnock Dodge, Inc., 197 N.J. 543, 557 (2009) (citing Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 192 N.J. 372, 389 (2007)).

Plaintiff cites to Gonzalez v. Wilshire Credit Corp., 207 N.J. 557, 577-78 (2011), arguing the "collecting or enforcing a loan, whether by the lender or its assignee, constitutes the 'subsequent performance' of a loan, an activity falling within the coverage of the CFA" supports reversal of the trial court's decision. In Gonzalez, plaintiff alleged that defendants, a bank and a credit servicing agency, engaged in deceptive and unconscionable practices in violation of the

10

CFA. 207 N.J. at 563. Our Supreme Court held that a post-foreclosure loan modification involved an extension of credit, and plaintiff's CFA claims may be encompassed within the new transaction. Id. at 563-64. The Court emphasized that the holding "addresses only the narrow issue" of "the applicability of the CFA to a post-foreclosure-judgment agreement involving a stand-alone extension of credit." Id. at 586.

However, two years after Gonzalez was decided, we directly addressed the issue plaintiff now raises: the applicability of the CFA to claims against a collection agency where the alleged misrepresentations were not made in connection with the sale or services directly to the consumer. DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 338 (App. Div. 2013). In DepoLink, defendant filed a third-party complaint against the collection agency, alleging common law fraud, and violations of the CFA and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 to -1692p, in the context of the agency's attempts to collect a debt defendant owed. Id. at 331-32. The trial court dismissed the suit, and we affirmed, holding:

> The collection agency's contacts with defendant were not an offer to sell merchandise, nor did defendant buy anything from the collection agency. Debt collection activities on behalf of a third party who may have sold merchandise are not unconscionable activities "in connection with the sale" of merchandise. See, e.g.,

11

> Chulsky v. Hudson Law Offices, [P.C.], 777 F. Supp. 2d 823, 847 (D.N.J. 2011) (holding that the CFA does not cover the debt collection activities of a third party that purchases consumer debt); Joe Hand Promotions, Inc. v. Mills, 567 F. Supp. 2d 719, 723-24 (D.N.J. 2008) (finding that a letter demanding payment of a settlement did not fall within the CFA because plaintiff was not induced to purchase merchandise or real estate).
>
> [Id. at 339.]

We are satisfied the trial court correctly aligned its decision with our holding in DepoLink, concluding there was no basis for plaintiff's CFA claim because defendant's collection actions did not constitute the sale of merchandise. Because we are satisfied that defendant's conduct does not fall within the ambit of the CFA, we need not reach plaintiff's argument that defendant's conduct caused plaintiff to sustain an ascertainable loss.

To the extent we have not addressed any arguments in this decision, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division