148 N.J. Super. 186 (1977)
372 A.2d 370
WILLIAM F. HYLAND, ATTORNEY GENERAL OF NEW JERSEY, PLAINTIFF,
v.
AQUARIAN AGE 2,000, INC., t/a DOLLAR SAVERS OF AMERICA, A NEW JERSEY CORPORATION, AND FRANK CONTI, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided February 15, 1977.
*189 Mr. Carl A. Wyhopen, Deputy Attorney General for plaintiff William F. Hyland.
Mr. Harold G. Cohen, attorney for defendants Aquarian Age 2,000, Inc., t/a Dollar Savers of America and Frank Conti.
CIOLINO, J.S.C.
From the stipulated facts the following is set forth as pertinent herein. Aquarian Age 2,000, Inc., t/a Dollar Savers of America (D.S.A.), is a New Jersey corporation and Frank Conti is D.S.A.'s founder, president, director of the corporation and its moving force. The basic business of D.S.A. consists of the sale of consumer memberships, in the form of a consumer discount card, to the consuming public. This membership entitles the consumer to obtain predetermined discounts on certain purchases at selected merchants. Participating merchants pay a fee to participate in D.S.A.'s program and the discounts which these merchants offer are listed in a periodic newsletter distributed to consumer members. The longest contract that D.S.A. has with any merchant is for ten years. While the length of the consumer memberships offered has varied over time, D.S.A. *190 has, at least since January 1, 1975, offered consumers a lifetime membership.
For purposes of the present disposition it is unnecessary to state in detail the marketing format for D.S.A.'s program. Briefly stated, D.S.A. consumer memberships are sold through a combination of group meetings and person-to-person sales efforts. The sales force is composed of a network of sales representatives and general managers who earn commissions based on the number of consumer memberships sold.
At a hearing on December 15, 1976 counsel indicated that all issues not presented at that argument would be deemed abandoned. The issues presented for determination are as follows:
1. Is the program and marketing plan of D.S.A. an unlawful chain referral selling plan?
2. Are the statements of D.S.A. concerning income to be earned by sales representatives in violation of N.J.S.A. 56:8-1 et seq.?
Does D.S.A.'s offer of a lifetime membership and D.S.A.'s conduct of their business meetings constitute the use and employment of an unconscionable commercial practice, a false promise or otherwise violate N.J.S.A. 56:8-1 et seq.?
4. What is the degree and burden of proof which must be met by plaintiff in order to prevail against D.S.A. on the various causes of action?
5. Is plaintiff's cause of action barred by the defenses of laches and estoppel?
6. What, if any, is the individual liability of defendant Frank Conti?
At the conclusion of the hearing the defenses of laches and estoppel were dismissed. However, those defenses were preserved for the limited purpose of possible consideration on the issue of mitigation of penalty in the event the court ultimately finds a violation of the Consumer Fraud Act. The issue of burden of proof was also addressed by the *191 court. It is the Court's opinion that since this is a civil action, preponderance of evidence, the usual civil standard of proof, should be the applicable standard.
Two other rulings were made at the conclusion of oral argument. First, the court determined that the statutory elements of N.J.S.A. 56:8-2 are disjunctive rather than conjunctive. Therefore, the Attorney General, in order to prove a statutory violation, need not show an unconscionable commercial practice and fraud, and deception, etc., in connection with the sale or advertisement of D.S.A. memberships. Rather, he must prove either an unconscionable commercial practice, or fraud, or deception, etc., in connection with the sale or advertisement of D.S.A. memberships in order to demonstrate a statutory violation. Second, as a corollary of the first determination, the court ruled that the Attorney General need not limit his proofs to the elements of common law fraud, but may address his proofs to all of the statutory elements found in N.J.S.A. 56:8-2.
The issue of whether the offer of a lifetime membership constitutes the use and employment of an unconscionable commercial practice, or otherwise violates N.J.S.A. 56:8-1, et seq., can be determined without a plenary hearing. It is uncontroverted that the longest contract that D.S.A. has with any merchant advertiser is for a ten-year period, and that D.S.A. has offered and received payment for the sale of lifetime memberships to its program. At the beginning of the contract term the lifetime member pays full consideration, which currently is $695 for seniors, age 52 and over, and $995 for all others. The member receives the promise of a lifetime membership but, as a practical matter, the consumer has no assurance that D.S.A. will perform, or is capable of performing, after the expiration of its longest advertising contract, ten years. The result is that the member has paid for a "lifetime contract" while D.S.A. maintains a burden only for a period of years. This burden of performance is glaringly unequal. D.S.A. and the advertising merchants are free to terminate their performance *192 at the end of their respective contract periods. The consumer is bound "for a lifetime."
D.S.A. contends that its offer of a lifetime membership is no different than the offer of lifetime membership in a social or fraternal organization, or the promise of perpetual care of a cemetery plot. However, a lifetime membership in D.S.A. is distinct. The distinguishing feature is that in the case of social or fraternal organizations, or perpetual care of cemetery plots, the ability to perform the promised service or contract is with the promissor. In the present litigation the ability of D.S.A. to perform is limited by a contract for years and, more importantly, depends upon the whim of others, i.e., the willingness of advertising merchants to continue to engage the services of D.S.A. If D.S.A. were willing to perform and the advertising merchants refused to purchase D.S.A.'s services, the promise of a lifetime membership could not be fulfilled. D.S.A. cannot assure members that any merchant will participate in its program beyond the maximum period of ten years. The member may find himself without a merchant offering the promised discounts despite the fact that he, the member, has paid substantial sums of money for this service. The only item left with the consumer would be his D.S.A. discount card.
In Kugler v. Romain, 58 N.J. 522, at 543-544 (1971), Justice Francis, speaking for the Supreme Court, stated that the concept of unconscionability was "obviously designed to establish a broad business ethic," and that "the standard of conduct contemplated by the unconscionability clause is good faith, honesty in fact and observance of fair dealing." The D.S.A. promise of a lifetime membership is an unconscionable commercial practice in violation of N.J.S.A. 56:8-2 because of the practical one-sidedness of the agreement and the various unforeseeable events and conditions which may be encountered in futuro. Such conduct is also violative of N.J.S.A. 56:8-2 in that it is a deception, a false promise and a misrepresentation.
*193 The issue of Conti's personal liability must be divided into two separate questions. First, can an injunction be issued against Mr. Conti personally? Second, can he personally be subject to a penalty under the statute? Both questions must be answered affirmatively.
The language of N.J.S.A. 56:8-8 is unequivocal in authorizing issuance of an injunction against an individual found to have violated the act. If a determination is made that Conti has personally violated the Consumer Fraud Act, he also could be subject to monetary penalties. There is no suggestion that the statute was not intended to include natural persons who violate the act. More particularly, N.J.S.A. 56:8-1(d) includes natural persons within its definition of persons. Conti's personal liability, if any, must be resolved at a plenary hearing.
The remaining issues to be determined, to wit, whether the program of D.S.A. is a chain referral, has there been misrepresentation as to income and earnings to be garnered from the program, and the conduct of D.S.A. meetings and recruitment of D.S.A. personnel, cannot be disposed of without a plenary trial. Although counsel have argued at length concerning these issues, the affidavit of C. Robert Patty creates material fact questions which cannot be decided in a summary fashion.
Since the court has found that the sale of lifetime memberships violates the Consumer Fraud Act, further sale of lifetime memberships is hereby enjoined. The imposition of other penalties and/or remedies will await disposition of the remaining issues at plenary trial.