28 F.3d 1214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
ROBINS PRINTING COMPANY; Color Systems, Incorporated,
Plaintiffs-Appellants,
v.
CROSFIELD ELECTRONICS, INCORPORATED, Defendant-Appellee.
 No. 92-2446.
 United States Court of Appeals, Sixth Circuit.
 June 23, 1994.
 
 Before NELSON and NORRIS, Circuit Judges, FORESTER, District Judge.*
 OPINION
 PER CURIAM.
 
 
 1
 Robins Printing Company and Color Systems, Incorporated ("Robins"), appeal the district court's grant of a judgment notwithstanding the verdict to Crosfield Electronics, Incorporated ("Crosfield"). Because we conclude that plaintiffs failed to introduce sufficient evidence upon which a reasonable jury could have found a precontractual misrepresentation, we affirm the district court's order granting the motion. As this issue is dispositive, we do not address plaintiffs' other claims on appeal.
 
 I.
 
 2
 In 1986, Robins decided to expand its printing business to include preprinting services which had previously been subcontracted to outside vendors. To perform this work, Robins purchased a Studio 865 system from Crosfield. Robins incorporated Color Systems to purchase the equipment and perform the preprinting services so that it could more easily market preprinting services to companies that were otherwise competitors.
 
 
 3
 After the Studio 865 was installed in 1987, plaintiffs experienced problems with the system. According to plaintiffs, these problems caused them to continue to use outside vendors for a significant amount of Robins' preprinting needs. Ultimately, difficulties with Crosfield led plaintiffs to file suit in Michigan state court alleging breach of warranty of fitness for intended use, breach of implied warranty of fitness for a particular purpose, and breach of implied warranty of merchantability. Defendant removed the action to federal court based upon diversity of citizenship. Plaintiffs then amended their complaint to include allegations of fraud and misrepresentation, as well as a violation of the New Jersey Consumer Fraud Act.
 
 
 4
 The cause was tried to a jury, which found against plaintiffs on the contract claims but determined that Crosfield had misrepresented material facts. Crosfield requested a judgment as a matter of law under Federal Rule of Civil Procedure 50(b) (formerly a j.n.o.v.), contending that plaintiffs failed to produce sufficient evidence, as a matter of law, to allow a reasonable jury to find for plaintiffs on the fraud claims. The district court granted the motion on that basis.
 
 II.
 
 5
 In order to prove a claim for misrepresentation, a plaintiff must prove by clear and convincing evidence: (1) a material representation by defendant of a presently existing or past fact; (2) knowledge or belief by the defendant of its falsity; (3) an intent that the plaintiff rely on it; (4) reasonable reliance by the plaintiff; and (5) resulting damage to the plaintiff. Baldasarre v. Butler, 604 A.2d 112, 121 (N.J.Super.App.Div.1992), rev'd in part on other grounds, 625 A.2d 458 (N.J.1993); see R.A. Intile Realty Co., Inc. v. Raho, 614 A.2d 167, 186 (N.J.Super.Ct.Law.Div.1992); Hi-Way Motor Co. v. International Harvester Co., 398 Mich. 330, 336, 247 N.W.2d 813 (1976).[1]
 
 
 6
 The issue raised by a Rule 50(b) motion for judgment as a matter of law is whether there is sufficient evidence to raise a question of fact for the jury. This is a determination of law made by the district court that is reviewed de novo by this court. Morelock v. NCR Corp., 586 F.2d 1096, 1104 (6th Cir.1978), cert. denied, 441 U.S. 906 (1979); see Hill v. Marshall, 962 F.2d 1209, 1213 (6th Cir.1992), cert. denied, 113 S.Ct. 2992 (1993). A district court is not to weigh evidence, judge the credibility of witnesses, or substitute its judgment for that of the jury in ruling on a motion for judgment. See McDowell v. Rogers, 863 F.2d 1302, 1307 (6th Cir.1988). It is to draw all reasonable inferences in favor of the party opposing the motion and to view evidence in a light most favorable to that party. Morelock, 586 F.2d at 1104-05. If reasonable minds could come to but one conclusion, the motion should be granted. Id.
 
 
 7
 Plaintiffs assert there are four possible misrepresentations that could form the basis of the jury's misrepresentation verdict: (1) that the equipment to be sold was "state of the art," but was in fact "archaic"; (2) that the equipment would be profitable based upon Robins' expected annual sales of $300,000 to $350,000, but in fact would have required over $2,000,000 in annual sales to be profitable; (3) that the system sold was a Studio 865, rather than a Studio 860; and (4) that the equipment was new rather than used.
 
 
 8
 The district court ruled during the trial that defendant's statements that the Studio 865 was state of the art was merely "puffing" or sales talk and was not actionable as a misrepresentation. See Van Tassel v. McDonald Corp., 159 Mich.App. 745, 750 (1987); Adams v. Peter Tramontin Motor Sales, Inc., 126 A.2d 358, 360 (N.J.Super.App.Div.1956). We agree that any statements describing the Studio 865 as state of the art were mere opinion or sales talk and were not material representations of fact. We also agree with the district court that plaintiffs failed to show reasonable reliance upon the statements that the machine was state of the art. Plaintiffs testified that for approximately one year they had extensively researched the market for preprinting service equipment, had visited trade shows and Crosfield's headquarters, and had seriously considered equipment made by at least three of Crosfield's competitors. Given these facts, we do not find that sufficient evidence was produced to allow a reasonable jury to conclude that plaintiff relied upon the statements that the equipment was "state of the art" in making its purchasing decision.
 
 
 9
 Plaintiffs also claim that Crosfield misrepresented the amount of business that would be necessary for Color Systems to generate a profit using the Studio 865. In 1986, Crosfield supplied plaintiffs with a five-year projected financial impact study. These projections showed Color Systems making a profit at its expected level of business. Again, it is clear that plaintiffs did not present evidence that they relied upon these projections at the time they purchased the system. First, these projections were based upon the purchase of a $1,051,000 system including a Studio 870. The system that was finally purchased cost $743,860 and included different equipment than that contemplated in the projections, including a Studio 865. Second, the projections were based upon information plaintiffs provided defendant which were incorporated into a study formula published in Printing Views Magazine. Plaintiffs stated they were aware of the assumptions underlying the study. It is therefore clear that plaintiffs were aware of defendant's assumptions in choosing equipment it believed would be suited to plaintiffs' needs. Third, plaintiffs stated they felt the projections were over-optimistic and they discounted them. Plaintiffs therefore clearly did not rely upon these projections as a basis for purchasing the Studio 865.
 
 
 10
 Plaintiffs next contend the misrepresentation verdict should be sustained because they contracted for a new Studio 865 and received a used Studio 860. We affirm the trial court's motion for judgment as a matter of law on this contention as well. The jury found for defendants on the breach of contract claims. The jury went on to find, as was required in order for plaintiffs to prevail on the fraud claims, that defendants made a misrepresentation of fact prior to the sale. It was this latter finding that the trial judge found to be without evidentiary foundation. We agree. Plaintiffs failed to prove that prior to signing the contract Crosfield intended to provide a Studio 860 rather than a Studio 865. Certainly, Crosfield made representations to plaintiff that it would provide a Studio 865. But the fact that a Studio 865 was not provided would not prove that a misrepresentation occurred prior to the signing of the contract. A future promise is contractual and does not constitute fraud unless the promise is made in bad faith without intention of performance. Hi-Way Motor Co., 398 Mich. at 336-38. There is no evidence that, prior to signing the contract, Crosfield intended to provide plaintiffs with anything other than a Studio 865.
 
 
 11
 We also conclude, after having reviewed the record, that there is insufficient evidence on which a jury could have found that a used system was in fact delivered.
 
 III.
 
 12
 For the foregoing reasons, we affirm the judgment of the district court.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation
 
 
 [1]
 The parties disagree as to whether Michigan or New Jersey law applies to the misrepresentation claim. It is not necessary to resolve this issue for the purposes of this appeal, as we conclude the substantive law of the two jurisdictions is the same with respect to this issue. Although plaintiff has cited one lower court case from New Jersey holding that the burden of proof under the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1, is a preponderance of the evidence, Hyland v. Aquarian Age 2000, Inc., 372 A.2d 370, 372 (N.J.Super Ct.Ch.Div.1977), we decline to follow that case. We do not believe the New Jersey Supreme Court would affirm the reasoning in Hyland as it is based on the simple assertion that the Consumer Fraud Act is a civil statute and therefore the civil standard of proof applies. This is against the great weight of cases in New Jersey, which follow the majority rule that fraud or misrepresentation must be proved by clear and convincing evidence