149 N.J. Super. 235 (1977)
373 A.2d 688
PET DEALERS ASSOCIATION OF NEW JERSEY, INC., A NON-PROFIT CORPORATION OF THE STATE OF NEW JERSEY, APPELLANT,
v.
DIVISION OF CONSUMER AFFAIRS, DEPARTMENT OF LAW AND PUBLIC SAFETY, STATE OF NEW JERSEY AND VIRGINIA LONG ANNICH, DIRECTOR OF DIVISION OF CONSUMER AFFAIRS, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued October 19, 1976.
Decided March 21, 1977.
*236 Before Judges LYNCH, MILMED and ANTELL.
Mr. James M. Bell argued the cause for appellant (Messrs. Nolan, Lynes, Bell & Moore, attorneys; Messrs. Bell and William F. McEnroe, on the briefs).
*237 Mr. Douglas J. Harper, Deputy Attorney General, argued the cause for respondents (Mr. William F. Hyland, Attorney General, attorney; Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Lewis P. Goldshore, Deputy Attorney General, on the brief).
PER CURIAM.
By this appeal Pet Dealers Association of New Jersey, Inc. challenges the validity of the Attorney General's regulations governing the sale of pet cats and dogs adopted pursuant to the Consumer Fraud Act, N.J.S.A. 56:8-4.
Pet Dealers first contends that the regulations in question conflict with Article 2 of the Uniform Commercial Code (N.J.S.A. 12A:2-101 et seq.) in that the regulations provide the consumer with broader remedies than are available under the Code. It is argued that since the regulations conflict with applicable statutory provisions, the regulations are invalid. A similar argument was recently made to and rejected by the Supreme Court in Jeselsohn, Inc. v. Atlantic City, 70 N.J. 238 (1976). There, auctioneers doing business in Atlantic City attacked a local ordinance which regulated auction sales. The ordinance required an auctioneer to refund, in full, the purchase price of an article when a demand for such is made within 72 hours after purchase. The basic contention as to the invalidity of the ordinance was that it conflicted with provisions of the Uniform Commercial Code regulating auction sales. In rejecting that argument the court said that the provisions of the Code dealing with sales, rescission and revocation of acceptance "are intended to give certainty and stability to the law of commercial transactions. In this sense they do not purport to limit the proper exercise of police power in the public interest." 70 N.J. at 244. So here. The fact that the regulations are part of a statewide plan to combat consumer fraud rather than a local ordinance does not alter their legitimacy as a valid exercise of police power. In any event the Code expressly provides that it does not "impair or repeal any statute regulating sales *238 to consumers * * *." N.J.S.A. 12A:2-102. Thus, there is no conflict between the Code and the Consumer Fraud Act, nor with the regulations adopted thereunder.
Pet Dealers next contends that the regulations are not within the scope of the Consumer Fraud Act and are therefore beyond the ambit of authority delegated thereby. The argument here is that the said act is essentially directed to prevention of fraud and that an indispensable element of a violation thereof is "knowledge" and "intent." In support of its contention appellant cites the Appellate Division opinions in Fenwick v. Kay American Jeep, Inc., 136 N.J. Super. 114 (1975), and Fenwick v. Arrel Datsun, Docket No. A-3164-73 (1975). The short answer to appellant's argument is that the cited decisions were recently reversed by the Supreme Court under the same titles, 72 N.J. 372 (1977). Appellant's argument in this connection must therefore be rejected.
Appellant also maintains that the regulations create an invalid classification, contrary to the Equal Protection Clause, in two respects: (1) in defining the pet dealer who is regulated as one who sells animals "for profit," thus exempting "non-profit" organizations which may market such animals, and (2) in including within the definition those who sell the animals, in the "ordinary course of business," and thus exempting private breeders, shelters and others who sell the animals "on a less than regular basis." Appellant argues that there is no rational relation between the classes thus regulated and the purpose for which the classification is made, i.e., detection, and prevention of the sale of diseased dogs and cats.
A private breeder, a shelter or other organization selling the animals on a regular basis for profit would factually be within the definition of pet dealer. Further, judicial review of a classification is limited. Application of the Equal Protection Clause of the Fourteenth Amendment allows wide discretion in the power of the State to classify and precludes only a classification which is without any reasonable basis and *239 therefore purely arbitrary. A classification must be upheld "if any set of facts can reasonably be conceived to support it." David v. Vesta Co., 45 N.J. 301, 315 (1965).
With this in mind, let us review the purpose of the act and the reason for the classification within the regulations. The aim of the Consumer Fraud Act is to protect consumers against fraud and misleading practices in the sale of goods and services. The intent in promulgating the regulations here involved (N.J.A.C. 13:45A-12.1 et seq.) is to protect consumers in this State from such practices in the sale of pet dogs and cats. An employee of the Division of Consumer Affairs testified herein that almost all of 525 written complaints from consumers concerned pet dealers, and the Division had "very few" complaints against shelters and kennels. This in itself is sufficient support for the classification. We therefore hold there is no invidious discrimination in the regulations.
The next contention of Pet Dealers is that the standards embodied in the rule are impermissibly vague. The regulations grant the consumer certain remedies when a licensed veterinarian has certified an animal to be "unfit for purchase due to illness, a congenital defect, the presence of symptoms of a contagious or infectious disease, defect, or any other veterinary problem." N.J.A.C. 13:45A-12.2(e).
While there was some conflicting veterinarian testimony on our earlier remand for development of a record as to whether the cited language is vague, we conclude that a common sense reading of it reveals that it is intended to provide a remedy for the consumer who seeks to purchase a healthy pet but instead receives an unhealthy or otherwise defective animal. It is possible that in some hypothetical case the above-quoted rule might be somewhat difficult to apply. However, if such cases arise a future court may provide appropriate interpretation of the rule as it applies to the facts of those cases. Such an approach comports with the traditional judicial policy to refrain from evaluating a statute *240 for vagueness in the abstract or based on hypothetical cases. Rather, courts determine the validity of a statute on a case-by-case basis. United States v. National Dairy Prod. Corp., 372 U.S. 29, 83 S.Ct. 594, 9 L.Ed. 561 (1963).
We find no merit in appellant's remaining contentions that the regulations are invidiously vague in other respects.
Finally, appellant contends that the regulations prohibit the sale of mixed breed dogs and thereby unlawfully deprive the dealers of their right to earn a living. This argument is based upon the requirement in the rule that certain information concerning a dog's or cat's ancestry and source be made known to the consumer in the Pet Dealer's Animal History Certificate.
Nowhere in the Consumer Fraud Act or the regulations under attack is there the slightest hint that it was the intent of the Legislature or the Division to bar the sale of mixed breed animals. This conclusion is the result of a strained and anomalous construction of one of the requirements for sale. Such an unreasonable construction must be avoided. State v. Gill, 47 N.J. 441 (1966). The pedigree information obviously is required to protect purchasers of pure-bred dogs and cats. A dealer selling a mixed breed animal need only indicate that the requisite information is unknown, if that is the case. Thus, the sale of mixed breed animals is by no means prohibited by this rule and appellant's contention in that respect is without merit.
For the foregoing reasons we conclude that the regulations challenged by "Pet Dealers" (N.J.A.C. 13:45A-12.1 et seq.) are valid.