294 N.J. Super. 225 (1996)
682 A.2d 1241
SAIDA JIRIES, PLAINTIFF,
v.
BP OIL A/K/A BP SERVICE STOP, MUSTAFA GUVEN, BP OIL CORPORATION AND JOHN DOE, DEFENDANTS.
Superior Court of New Jersey, Law Division Monmouth County Special Civil Part.
July 18, 1996.
*227 Ronald L. Lueddeke, for plaintiff.
Dennis J. Barrett, for defendants.
HAYSER, J.T.C., temporarily assigned.
Plaintiff brings this action seeking damages under the Consumer Fraud Act (Act), N.J.S.A. 56:8-1 through 20, and its relevant regulations.[1]
*228 The basic facts are not in dispute. Plaintiff sought to have certain automotive and auto body repairs made by the defendants to her personal automobile. The only claimed written authorization for this repair work is, apparently, to be found in two BP Oil credit card receipts, one containing an amount of $2,250 with a deposit stated as $500, and the other containing the reference "Body Repair," and setting forth a payment of $1,700.[2]
Plaintiff claims some of the repair work was not done at all, and that she has had to have or will have to have the work done by others. She now brings this action, seeking the $2,200 she paid, together with statutory penalties and attorney's fees.[3]
Plaintiff claims that the defendants either performed the repair work improperly, which will require corrective work, or did not perform agreed work, which will require the plaintiff to have another repair shop undertake the work. However, she presented no expert testimony at trial, offering no repair experts who would testify as to what repairs were made improperly or not made at all.
Plaintiff seeks compensatory and treble damages under the Act, together with attorney's fees and costs. The basis for this claim is the alleged violation of the Act's regulations concerning the prior preparation and submission of a written estimate and authorization for automotive and auto body repair work, together with all required disclosures.
Does the payment for repair work, contrary to the provisions of the Consumer Fraud Act, alone, constitute an "ascertainable loss" *229 for purposes of a party maintaining an action under the Act?[4]
The Act, specifically under N.J.S.A. 56:8-19, permits a private person to maintain an action for damages when the defendant commits an unlawful practice under the Act and the plaintiff suffers "any ascertainable loss of money." N.J.S.A. 56:8-19. Both requirements must be met. Cox v. Sears Roebuck & Co., 138 N.J. 2, 647 A.2d 454 (1994). A private plaintiff is not charged with the regulatory enforcement of the Act, and unlike the Attorney General, she must prove damages. Id. at 21, 647 A.2d 454; see also N.J.S.A. 56:8-19. Moreover, the standard of proof in private consumer fraud actions is higher than the standard for the Attorney General's enforcement proceedings. Meshinsky v. Nichols Yacht Sales, Inc., 110 N.J. 464, 541 A.2d 1063 (1988).
A violation of the Act's regulations can constitute an "unlawful practice" under the Act. Cox, 138 N.J. at 17, 647 A.2d 454. Furthermore, intent to violate the regulations is not a prerequisite for a finding as to whether an "unlawful practice" has occurred. Fenwick v. Kay Am. Jeep, Inc., 136 N.J. Super. 114, 123-124, 344 A.2d 785 (App.Div. 1975), rev'd on dissent 72 N.J. 372, 371 A.2d 13 (1977). Failure to provide a detailed written estimate and obtain a written authorization before automotive or auto body repairs are undertaken, is a deceptive and improper practice under the Act. N.J.A.C. 13:45A-26C.2 and 13:21-21.10 and .11. The superficial details provided on the credit card slips, whether completed as charge slips or not, do not meet the regulations' requirements. A completed invoice only provided after the work was completed also does not satisfy the requirements.
*230 Clearly there was a violation of the relevant regulations. Plaintiff has met the first requirement of N.J.S.A. 56:8-19 by proving that the defendant committed an "unlawful practice."
However, the remaining issue is whether the plaintiff suffered an "ascertainable loss." Plaintiff argues that any payment made in violation of the Act constitutes such a loss. The court must conclude, nevertheless, that such a "loss" is not within the contemplation of N.J.S.A. 56:8-19.
Plaintiff never established at trial by any competent evidence that the repairs were faulty or not completed. Plaintiff's sole argument was that the repairs were undertaken contrary to the above regulations and that her "loss" was simply the payment for these repairs, correct or not, contrary to these regulations.
In Cox, the Supreme Court concluded that the necessity for repairs with required inspections, after the unlawful practice occurred, constituted the measure of plaintiff's consumer fraud damages. Cox, 138 supra, at 22-24, 647 A.2d 454. The plaintiff is not required to spend money, as long as a loss is ascertainable. Id. at 22, 647 A.2d 454. There is, however, a causation requirement between the unlawful consumer practice and the "ascertainable loss." Id. at 23, 647 A.2d 454.
In Huffmaster v. Robinson, 221 N.J. Super. 315, 534 A.2d 435 (Law Div. 1986), the court determined that the "ascertainable loss" was the loss of the car, itself, with the payment for repairs, assuming even the repairs were properly completed. Such a loss, obviously, does not require expert testimony. In the present case, the plaintiff has her vehicle and we have no credible testimony as to what the defendants supposedly did wrong or did not do that was required.
In Miller v. American Family Pub., 284 N.J. Super. 67, 663 A.2d 643 (Ch. 1995), the "ascertainable loss" was the failure to receive an enhanced likelihood of winning defendant's sweepstakes as promised, when plaintiffs purchased magazine subscriptions through the defendant. Id. at 88, 663 A.2d 643. Finally, in Dolan *231 Koonce v. D & V Auto Body & Repair, Inc., et al., Docket No. A-5328-90T5, decided October 4, 1994, cited by the plaintiff pursuant to R. 1:36-3, the court found that there was no "ascertainable loss" even though there was a technical violation of the Act, reasoning that a plaintiff, at a minimum, must supply an estimate of damages, calculated within a reasonable degree of certainty.
As stated in the instant matter, the plaintiff has failed to prove any "ascertainable loss." Indeed, she did pay $2,200 for repairs, but offered no testimony as to if and how the repairs were done improperly, or not at all. Without proof of an actual "ascertainable loss," the plaintiff would have the court subscribe the same enforcement role to a private plaintiff as the Attorney General, without the need to "prove that a victim was damaged by the unlawful practice." Cox, 138 supra, at 21, 647 A.2d 454. That flaw was not present in Cox, where the plaintiff presented expert testimony to evidence that he had, in reality sustained an "ascertainable loss." Id. at 8-10, 647 A.2d 454.
Therefore, the court has concluded that the plaintiff has not met the "ascertainable loss" requirement of N.J.S.A. 56:8-19 to entitle her to such consumer-fraud damages. The presence of a technical violation of the Act, although constituting an "unlawful practice," is not, by itself, a sufficient basis to recover such damages in the absence of an "ascertainable loss."
Nevertheless, "even if the [plaintiff] cannot show any ascertainable loss and thus cannot recover treble damages," she can still recover her reasonable attorney's fees and costs. "The fundamental remedial purpose of the Act dictates that plaintiffs should be able to pursue consumer-fraud actions without experiencing financial hardship." Cox, 138 supra, at 24-25, 647 A.2d 454. See also N.J.S.A. 56:8-19 ("In all actions under this section, the court shall also award reasonable attorneys' fees, filing fees and reasonable costs of suit."); Performance Leasing Corp. v. Irwin Lincoln-Mercury, 262 N.J. Super. 23, 33-34, 619 A.2d 1024 (App.Div.) certif. denied 133 N.J. 443, 627 A.2d 1148 (1993); Skeer v. EMK Motors, Inc., 187 N.J. Super. 465, 471, 455 A.2d 508 *232 (App.Div. 1982). "In that sense, the Act serves as a deterrent, beyond its remedial aspects, by virtue of the private plaintiff's action." Cox, 138 supra, at 21, 647 A.2d 454.
Counsel for the plaintiff shall submit a proposed order pursuant to R. 4:42-1(c), consistent with the findings in this opinion, together with a certification of reasonable services and costs.
NOTES
[1] Plaintiff had filed a multi-count complaint, alleging not only statutory consumer fraud, but also common law fraud, breach of contract (express and implied), violations of the Uniform Commercial Code, the Magnuson-Moss Warranty Act (15 U.S.C. § 2301 through 2311), negligence, and sought orders to require revocation of defendant's franchise and auto repair license. All claims but the statutory consumer fraud matter were abandoned at trial.
[2] Plaintiff claims she paid for the repair work in cash and the signature on the receipts are not hers, although she testified that she wrote on each, in Arabic, "for car." Defendants claim that the first credit card receipt was for the $500 deposit before the work began, although they acknowledge that they gave the plaintiff an itemized invoice only after the work was completed.
[3] Apparently, it is undisputed that the plaintiff actually paid $2,200 for the repair work.
[4] N.J.S.A. 56:8-19 provides, in relevant part: "Any person who suffers any ascertainable loss of money ... as a result of the use or employment by another person of any method, act or practice declared unlawful under this act ... may bring an action ... therefor in any court of competent jurisdiction ..."