NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5723-13T2

PORT IMPERIAL CONDOMINIUM
ASSOCIATION, INC.,

    Plaintiff-Respondent,

v.

ALEXANDER CANE,

    Defendant/Third-Party
    Plaintiff-Appellant,

v.

K. HOVNANIAN at PORT IMPERIAL URBAN
RENEWAL, INC.,

    Third-Party Defendant-Respondent.

_____

Argued December 2, 2015 — Decided January 11, 2016

Before Judges Alvarez, Haas and Manahan.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1708-12.

Christopher J. Hanlon argued the cause for appellant (Hanlon Niemann, P.C., attorneys; Mr. Hanlon, on the brief).

Wendy H. Smith argued the cause for respondent K. Hovnanian at Port Imperial Urban Renewal, Inc. (Marshall Dennehey Warner Coleman & Goggin, attorneys; Ms. Smith, on the brief).

PER CURIAM

Third-party plaintiff-appellant Alexander Cane (plaintiff) appeals a July 26, 2013 order entered by the Civil Part judge granting summary judgment in favor of third-party defendant/respondent K. Hovnanian at Port Imperial Urban Renewal, Inc. (defendant).[1] The order dismissed plaintiff's third-party complaint against defendant. We affirm.

On March 1, 2001, plaintiff and defendant executed a purchase agreement, wherein plaintiff purchased from defendant a condominium in West New York, New Jersey. According to the complaint, plaintiff purchased the condominium for $925,449.24; and at summary judgment, plaintiff certified he paid $396,000 as a down payment. The condominium complex was built on land filled into the Hudson River and developed around two shipping berths (also referred to as lagoons).

Paragraph sixteen of the purchase agreement states:

> This agreement, the Public Offering Statement and DCA Application for Registration, any Lot Disclosures Statement presented to [plaintiff], the approved site plans and architect's plan, and any Riders to this Agreement or the Documents, contain the parties['] entire agreement. Any modification of this Agreement is not

---

[1] Because the sole issue on appeal arises from the third-party complaint filed by plaintiff in the Civil Part, we refer to Alexander Cane as "plaintiff" and K. Hovnanian at Port Imperial Urban Renewal, Inc., as "defendant."

> binding unless it is in writing and signed
> by both [plaintiff] and [defendant].

> [(emphasis added).]

Section C of the public offering statement referenced in the purchase agreement — which was generated by defendant and another related entity as the developers of condominiums in West New York and Guttenberg — states the following, in pertinent part:

> There are two old shipping berths or coves located in the [c]ondominium. At low tide the mud in the bottom of them is visible. To make them more aesthetically pleasing, the [d]evelopers may seek governmental permits to allow the planting of vegetation in them. The [d]evelopers do not know if they will be successful in doing so.

> [(emphasis added).]

Plaintiff's condominium was located adjacent to one of the shipping berths referenced in the public offering statement. No vegetation or improvements to the shipping berths were ever installed, causing the lagoons to become "fetid" and "stinking." As a result, plaintiff claimed he was unable to market or sell the property and ultimately lost his interest in the condominium due to foreclosure.

We recite the procedural history of the litigation for both context and clarity. On November 13, 2009, Port Imperial Condominium Association, Inc. (PICA), filed a complaint against

3

plaintiff in Hudson County based on plaintiff's failure to pay the condominium maintenance fees. On November 30, 2011, the matter was transferred to the Middlesex County Special Civil Part. Thereafter, plaintiff filed a motion seeking leave to file a counterclaim against PICA and a third-party complaint against defendant, which the collective defendants opposed. On April 27, 2012, the Special Civil Part judge granted the motion, but declined to transfer the entire matter to the Law Division. Instead, PICA's claim for condominium fees remained in the Special Civil Part and plaintiff's counterclaim and third-party complaint were transferred to the Law Division. The counterclaim alleged breach of contract/failure to maintain, and the third-party complaint brought action for contribution and indemnification (count one), misrepresentation (count two), breach of contract (count three), and violation of the New Jersey Consumer Fraud Act (CFA), N.J.S.A. 56:8-1 to -195 (count four).

Plaintiff and PICA settled the claim for maintenance fees, and on July 19, 2012, a "consent order" was entered awarding PICA $5,640. PICA reserved the right to seek attorneys' fees in a separate application. PICA also filed its initial fee application on July 19, 2012, seeking $30,810.61 in legal fees.

The judge issued an order on July 3, 2014, awarding counsel fees in the amount of $31,321.30.[2]

As for the Law Division matter, discovery commenced after the counterclaim and third-party complaint were transferred. Following two separate discovery-related motions filed by defendant in early 2013 arising from plaintiff's failure to provide discovery, the judge entered an order on February 22, 2013, dismissing plaintiff's third-party complaint without prejudice. Plaintiff eventually served his answers to interrogatories and also sought to extend the February 22, 2013 discovery end date. An order dated March 22, 2013, denied plaintiff's motion to extend the discovery end date for plaintiff failing to demonstrate exceptional circumstances warranting an extension. See R. 4:24-1(c). Plaintiff's third-party complaint was reinstated.

On April 5, 2013, defendant and PICA filed motions for summary judgment. Plaintiff opposed the motions and subsequently filed a motion to "supplement the record" and include documents not provided during the discovery period. On July 26, 2013, after hearing oral argument, the judge granted

---

[2] PICA's requested counsel fees changed from the original amount after additional work was performed on the matter.

the motions for summary judgment and denied plaintiff's motion to supplement the record.

Plaintiff filed a notice of appeal on August 8, 2014. Plaintiff appealed both of the orders granting summary judgment in favor of the collective defendants, as well as the order awarding attorneys' fees. However, on April 22, 2015, plaintiff and PICA executed and filed a stipulation of partial dismissal with prejudice and without costs as to PICA. The stipulation dismissed plaintiff's appeal of the order granting summary judgment in PICA's favor, as well as the appeal challenging the award of attorneys' fees. Plaintiff did not appeal the order denying an extension of discovery or the order denying plaintiff's motion to "supplement the record."

Plaintiff raises the following points on appeal:

POINT I

[DEFENDANT'S] MOTION FOR SUMMARY JUDGMENT SHOULD HAVE BEEN DENIED BY THE TRIAL COURT SINCE THERE WERE SEVERAL GENUINE ISSUES OF MATERIAL FACT IN THE RECORD BELOW.

POINT II

THE RECORD BEFORE THE TRIAL JUDGE SUPPORTED THE PROPOSITION THAT THE RECORD DEVELOPED BY [PLAINTIFF] SUPPORTS THE INFERENCE THAT MISREPRESENTATIONS WERE MADE BY THE CONDOMINIUM DEVELOPER.

## POINT III

[PLAINTIFF'S] PROOFS DEMONSTRATE SIGNIFICANT
[OUT-OF-POCKET] EXPENDITURE IN RELIANCE UPON
THE REPRESENTATIONS OF THE CONDOMINIUM
DEVELOPER AND REPRESENTS ADEQUATE PROOF OF
AN ASCERTAINABLE LOSS.

Summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). The court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 536 (1995); see also Jolley v. Marquess, 393 N.J. Super. 255, 267 (App. Div. 2007). "At this stage of the proceedings, the competent evidential materials must be viewed in the light most favorable to plaintiff, the non-moving party, and [plaintiff] is entitled to the benefit of all favorable inferences in support of [the] claim." Bagnana v. Wolfinger, 385 N.J. Super. 1, 8 (App. Div. 2006) (citing R. 4:46-2(c); Brill, supra, 142 N.J. at 540); see

also <u>In re Estate of Sasson</u>, 387 <u>N.J. Super.</u> 459, 462-63 (App. Div.), <u>certif. denied</u>, 189 <u>N.J.</u> 103 (2006).

We apply the same standard as the trial court in reviewing the granting of a motion for summary judgment. <u>Townsend v. Pierre</u>, 221 <u>N.J.</u> 36, 59 (2015). If there is no factual dispute, and only a legal issue to resolve, the standard of review is de novo and the trial court rulings "are not entitled to any special deference." <u>Manalapan Realty, L.P. v. Manalapan Twp. Comm.</u>, 140 <u>N.J.</u> 366, 378 (1995).

According to plaintiff, the factual issue in dispute pertains to representations allegedly made to plaintiff by defendant during negotiations for the purchase of the condominium. In response to defendant's summary judgment motion, plaintiff produced: his own certification, a certification from a sales representative for defendant, and a certification from plaintiff's closing attorney. The certifications cited to defendant's representations that the shipping berths would be improved with an aquatic garden. Plaintiff claims he relied upon these representations when deciding to purchase the property. Plaintiff also produced a certification from a neighbor who asserted that a similar representation was made to her by defendant when purchasing her condominium. Additionally, plaintiff produced documents from

the Army Corps of Engineers related to approvals secured for development of the lagoons which noted defendant's failure to maintain the area after initial efforts to install improvements went unfinished. Although the witnesses were identified in plaintiff's answers to interrogatories, they were never deposed. The documents from the Army Corps of Engineers were never exchanged or produced in discovery. Rather, after discovery ended, plaintiff submitted these documents in his opposition to the motions for summary judgment and used them as the basis for his motion to supplement the record.

The CFA states:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

> [N.J.S.A. 56:8-2.]

To prevail on a claim for violation of the CFA, a plaintiff must allege (and prove) the following: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal relationship between the unlawful conduct and the ascertainable loss. N.J. Citizen

A-5723-13T2

Action v. Schering-Plough Corp., 367 N.J. Super. 8, 12-13 (App. Div.), certif. denied, 178 N.J. 249 (2003); see also Cox v. Sears Roebuck & Co., 138 N.J. 2 (1994). A misrepresentation is actionable under the CFA only if it is material to the transaction, false in fact and induces the buyer to purchase. Gennari v. Weichert Co. Realtors, 288 N.J. Super. 504, 535 (App. Div. 1996), aff'd as modified, 148 N.J. 582 (1997). Oral misrepresentations are covered by the CFA to the same extent as written misrepresentations. Gupta v. Asha Enters., L.L.C., 422 N.J. Super. 136, 147 (App. Div. 2011).

At oral argument on the summary judgment motion, the judge noted "that the ascertainable loss is going to boil down to a diminution of value, and in order to establish that you need an appraiser." The judge held that, in the absence of an appraiser, plaintiff failed to establish damages:

> [W]hen it comes to real property when there's out-of-pocket lawsuits with a difference in value, he needs an appraiser. He needs someone to say, an expert to come in and say what the damages are, and you don't have that. And that's not being proffered, that's not being proffered as part of these additional materials. There's no late expert being put forth here.
>
> This is simply going to whether or not a contract materialized. Because if you look at the contract of sale it's not a contract. But detrimental reliance, and things of that nature, and when you add to it that they did get the government

approvals, well then perhaps there was an obligation to take it a step further, if you got the approvals, to finish the job.

. . . [I]t's all moot because there's nobody to say what the damages are.

. . . .

. . . And I don't think you can equate earnest money deposit[s] with out-of-pocket losses.

In matters involving alleged breach of contract or misrepresentation in a CFA action, "either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle . . . ." Thiedemann v. Mercedes-Benz USA, LLC, 183 N.J. 234, 248 (2005). To withstand a motion for summary judgment in matters alleging a loss in value, a plaintiff "must proffer evidence of loss that is not hypothetical or illusory. It must be presented with some certainty demonstrating that it is capable of calculation[.]" Ibid. (emphasis added).

> An "estimate of damages, calculated within a reasonable degree of certainty" will suffice to demonstrate an ascertainable loss. We can envision the possibility that an expert may be able to speak to a loss in value of real or personal property due to market conditions, with sufficient precision to withstand a motion for summary judgment.
>
> [Id. at 249 (quoting Cox, supra, 138 N.J. at 22) (emphasis added).]

Expert testimony is required when a jury "simply does not have the knowledge, training, or experience" to consider all the relevant factors to arrive at a proper award of damages.  Kelly v. Berlin, 300 N.J. Super. 256, 268-70 (App. Div. 1997); see also Jiries v. BP Oil, 294 N.J. Super. 225, 230-31 (Law Div. 1996) (holding expert testimony required to prove damages for CFA claim alleging deficient repairs).  Moreover, it has been held that expert evidence is required to determine the value of real property.  See Jacobitti v. Jacobitti, 263 N.J. Super. 608, 613 (App. Div. 1993), aff'd, 135 N.J. 571 (1994); Smart SMR of Smart New York, Inc. v. Fairlawn Bd. of Adjustment, 152 N.J. 309, 336 (1998); Cell South of New Jersey, Inc. v. Zoning Bd. of Adjustment of West Windsor Township, 172 N.J. 75, 87 (2002) (citing Smart, supra, 152 N.J. at 336).

Here, the third-party complaint alleges that defendant's failure to install the aquatic garden decreased the value of the condominium.  Plaintiff alleged in his answers to interrogatories that the ascertainable loss was "the difference between the market value of identical units and the purchase cost of the property."  However, plaintiff failed to produce an appraisal or an expert report as to the value of the condominium or any depreciation thereof.

Predicated upon plaintiff's failure to provide the requisite proofs, the judge properly held that plaintiff could not demonstrate that he suffered an ascertainable loss as required by the CFA. See Thiedemann, supra, 183 N.J. at 248. Stated otherwise, plaintiff failed to "present[] with some certainty" damages that are "capable of calculation." Ibid.

Plaintiff also argues that his down payment constitutes an out-of-pocket ascertainable loss. We disagree.

The damages sought by plaintiff were based solely on the decrease in value of the property. In Chattin v. Cape May Greene, Inc., 243 N.J. Super. 590, 594, 605 (App. Div. 1990), aff'd o.b., 124 N.J. 520 (1991), a suit for consumer fraud brought by a group of homeowners against a developer, we held the trial court properly instructed the jury on damages on a consumer fraud claim. In the charge, the trial court instructed that, "Under the [out-of-pocket] approach recovery would be permitted for the difference between the price paid and the actual value of the property acquired." Id. at 604. In order to prove the difference in value, an expert would be required. Thiedemann, supra, 183 N.J. at 249.

Finally, we note that although plaintiff references in his brief that the judge erred by denying the motion to supplement the record for consideration of the Army Corp of Engineer

documents, plaintiff did not appeal the order denying the motion and his brief does not address that issue in its point headings. As such, plaintiff "has no right to our consideration of this issue" because "only the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review[.]" 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (citing Sikes v. Twp. of Rockaway, 269 N.J. Super. 463, 465-66 (App. Div.), aff'd o.b., 138 N.J. 41 (1994)); see also R. 2:5-1(f)(3)(A); R. 2:6-2(a)(5).

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION